Eugene E. Tehan and Charlotte Tehan v. Commissioner.
Tehan v. Commissioner
Docket Nos. 55597, 55598.
United States Tax Court
T.C. Memo 1960-176; 1960 Tax Ct. Memo LEXIS 112; 19 T.C.M. (CCH) 933; T.C.M. (RIA) 60176; August 31, 1960
*112 Held: Amount of petitioners' taxable net income for 1948 determined. Martin J. Torphy, Esq., 231 W. Wisconsin Ave., Milwaukee, Wisconsin, and Richard D. Hobbet, Esq., for the petitioners. R. B. Wolter, Esq., and James T. Wilkes, Jr., Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion HARRON, Judge: These cases involve income tax deficiencies for the taxable years 1947 and 1949. The general issue relates to the taxable income of petitioner , has been filed. Decisions are to be entered under Rule 50. They have not yet been entered. For reasons hereinafter stated, additional Findings of Fact are necessary. Supplemental Findings of Fact Petitioner reported adjusted gross income in his return for 1948 in the amount of $13,156.45, and, after the standard deduction of $1,000, net income of $12,156.45. He reported and paid tax for 1948 in the amount of $1,724.70, which was paid in 1949 when the return was filed. The petitioner's adjusted gross income for 1948 was no more and no less than $13,156.45, and his net income was no more and *113 no less than $12,156.45. Respondent reconstructed petitioner's taxable income for 1947 and 1949 by the net worth plus nondeductible expenditures method. Petitioner's records were inadequate to clearly reflect his true income. Respondent's net worth statement, beginning December 31, 1946, necessarily covered the entire period from that date to December 31, 1949. In order to determine by the net worth method, petitioner's income for 1949, it was necessary to include and compute his net worth as of December 31, 1948. Under the net worth method, petitioner had cash on hand on December 31, 1948, not deposited in banks, in the amount of $12,030.54. On December 31, 1948, his total assets, total liabilities, and net worth amounted to $152,827.49, $53,262.73, and $99,564.76, respectively. As of December 31, 1948, the increase in net worth (from the end of 1947) was $5,419.22. Petitioner's nondeductible expenditures for 1948 amounted to $6,737.23. His net income for 1948 was $12,156.45. Under the net worth method, petitioner's net income for 1949 was $23,365.76, computed as follows under the net worth method: Petitioner had at the end of 1949, undeposited cash on hand in the amount of *114 $12,030.54. At the end of 1949, his total assets were $201,313.62; total liabilities were $85,707.80; and net worth was $115,605.82. His increase in net worth during 1949 (from the end of 1948) was $16,041.06; his nondeductible cash expenditures in 1949 amounted to $7,324.70; and his net income for 1949 was $23,365.76. On December 31, 1948 and 1949, petitioner had $100 cash in his pocket, and $11,930.44 in cash in a box at home, which was kept available to pay wages. Thus, petitioner's undeposited cash as of the above dates amounted to $12,030.54. Petitioner did not make any overpayment of his income tax for 1948. Supplemental Opinion The parties appeared to agree on brief that there was no income tax deficiency for 1948, respondent having receded from th( determination made in his statutory deficiency notice that there was a deficiency for 1948 of $265.54. In the brief for petitioner, no contention was made that he had overpaid income tax for 1948. After the filing of the Memorandum Findings of Fact and Opinion, and in its computations under Rule 50, petitioner made claim that he had overpaid tax for 1948. Rule 50 may not be regarded as affording an opportunity for raising *115 new issues. See Rule 50(c). The occasion for making Supplemental Findings of Fact in this instance has developed from various motions filed by petitioner, which were granted, the purpose of which was not self-evident and did not become clear until petitioner filed under Rule 50 his computations for 1947 and 1949, to which he added a computation for 1948 which, under section 322(d)(1)(B), called for inclusion in the Order and Decision to be entered in Docket No. 55598 the finding that petitioner had overpaid tax for 1948. It has now been shown that clarification and some revisions are necessary in the Findings of Fact. Upon further consideration of the record and of motions of petitioner, and after a Rule 50 hearing on the respective computations of the parties for 1948, it has been concluded that the Court's findings relating to petitioner's undeposited cash on hand at the end of 1948 and 1949 should be amended by increasing such amount by $7,930.54, as of December 31, 1948, and 1949. It follows that the total amount of undeposited cash on hand at the end of 1948 and 1949 was $12,030.54. ; . *116 It follows, also, that the income tax reported and paid by petitioner for 1948 was not incorrect and was not overpaid. The Findings of Fact and Opinion filed on June 30, 1959, is accordingly modified. Decisions will be entered in accordance with the respondent's Rule 50 computations.